UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDSEY WHITE,

    Plaintiff,

      v.                                      Case No.:

PARAMOUNT RESIDENTIAL
MORTGAGE GROUP, INC. d/b/a
14 DAYS TO CLOSE,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **Lindsey White** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **Paramount Residential Mortgage Group, Inc. d/b/a 14 Days To Close**, ("Defendant") and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages, and for declaratory relief, for violations of the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA").

2. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims arose in Hillsborough County, Florida, which lies within the Middle District of Florida.

**PARTIES**

3. Plaintiff is a resident of St. Petersburg, Florida.

4. Defendant is authorized and doing business in Hillsborough County, Florida.

**GENERAL ALLEGATIONS**

5. Plaintiff has satisfied all conditions precedent.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA.

8. At all times material hereto, Defendant was an "employer" within the meaning of the ADA and the FCRA.

9. Defendant continues to be an "employer" within the meaning of the ADA and the FCRA.

10. At all times material hereto, Plaintiff was a protected employee under the ADA and the FCRA.

## FACTS

11. Plaintiff worked for the Defendant as a Mortgage Loan Officer from on or around February 13, 2023, until her unlawful termination on or around March 28, 2023.

12. As Defendant was aware, Plaintiff suffers from multiple sclerosis, Behcet's disease, and celiac disease, which are considered qualified disabilities under the ADA and FCRA.

13. At all times during her employment, Plaintiff suffered from a physical and/or mental impairment that substantially limits one or more of her major life activities, including sitting, standing, walking, sleeping, crouching, squatting, ascending and descending stairs, eating, driving, typing, and gripping.

14. At all times during her employment, Plaintiff was able to perform the essential functions of her position with or without accommodation.

15. Plaintiff disclosed her disabilities and her need for accommodation in January 2023, before she was ever offered or accepted the position.

16. Both before her employment started and after her start date, Plaintiff made explicit requests for accommodation in the workplace.

17. Plaintiff's requests were reasonable and would not have posed an undue hardship to the business.

18. Plaintiff's requests were supported by medical documentation and articulated with particularity the reason why the requested accommodations would assist her.

19. Defendant agreed to accommodate Plaintiff's requests.

20. However, shortly after starting her employment, Plaintiff was severely penalized for missing work due to medical appointments.

21. Defendant retaliated against Plaintiff for missing work due to her disabilities by moving her from the "Batter's Box" to the "Penalty Box," which kept her from being able to interact with customers or leads and substantially limited her ability to earn money and advance within the company.

22. The "Penalty Box" is designed to punish employees for perceived infractions. However, Plaintiff was placed in the "Penalty Box" in retaliation for missing meetings due to scheduled absences that were needed as an accommodation for her disabilities.

23. Defendant subjected Plaintiff to unlawful discrimination due to her disabilities.

24. For example, Plaintiff was placed in an area of the business referred to as the "short bus," away from all other loan officers. This placement significantly limited Plaintiff's ability to learn from her colleagues in a group setting.

25. Defendant also made comments to Plaintiff that she was "a little slower on learning' than anyone else.

26. This statement combined with placing Plaintiff in the "short bus," was a comment on Plaintiff's disability and was designed to belittle, embarrass, and demean her.

27. Defendant treated Plaintiff in a disparate manner than it treated her similarly situated colleagues.

28. On or around March 10, 2023, Plaintiff experienced flare-ups of her multiple sclerosis and was forced to call out sick.

29. Despite Plaintiff performing approximately 2.5 hours of work while home sick that day, Defendant marked Plaintiff as a "no show" instead of having a medical absence.

30. Defendant penalizes employees marked as a "no show" by removing their ability to access new leads, which substantially limits an employee's ability to earn income.

31. Defendant targeted Plaintiff due to her disabilities and use of reasonable accommodations by limiting her ability to earn income.

32. On or around March 22, 2023, Plaintiff engaged in protected activity by submitting a written complaint about the disability discrimination and retaliation she was experiencing to Defendant's Human Resources ("HR") department and members of management.

33. In direct retaliation, Defendant placed Plaintiff on an administrative leave just three hours after she submitted her complaint.

34. Defendant informed Plaintiff that she could not do any work or contact any clients while she was on administrative leave.

35. Plaintiff provided documentation to Defendant to assist in their investigation into the discrimination.

36. Defendant informed Plaintiff that it would not be reviewing all of her documentation and would not be conducting a full investigation into her complaint.

37. Less than a week after her protected complaint, on or about March 28, 2023, Defendant terminated Plaintiff's employment.

38. Defendant's reason for termination was pretext, as Defendant claimed that Plaintiff had refused to accept a transfer to a different position.

39. However, the position that was offered to Plaintiff was a completely different role and was one that she was not qualified to handle due to her disabilities. Plaintiff explicitly articulated why she was unable to perform the duties of the position that was offered to her, but Defendant claimed that Plaintiff refused to accept the offer to transfer to a new position.

40. Defendant violated Plaintiff's rights under the ADA and FCRA.

41. Defendant subjected Plaintiff to material adverse employment action for engaging in protected activity under the ADA and the FCRA by terminating her employment.

42. Defendant terminated Plaintiff's sponsorship, which negatively impacted her ability to mitigate her damages and find new employment following her termination.

43. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under the FCRA and the ADA.

## COUNT I – FCRA VIOLATION (DISCRIMINATION)

44. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. Plaintiff is a member of a protected class under the FCRA.

46. Plaintiff was subjected to disparate treatment.

47. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

48. Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

 (a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

 (b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

 (c) Award back pay to Plaintiff plus interest and all benefits;

 (d) Award liquidated damages to Plaintiff;

 (e) Award reasonable attorney's fees and costs to Plaintiff; and

 (f) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT II – FCRA RETALIATION

49. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 43 of this Complaint as though fully set forth herein.

50. Plaintiff is a member of a protected class under the FCRA.

51. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

52. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

53. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

 (a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

### COUNT III —ADA VIOLATION
### (DISCRIMINATION)

54. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 43 of this Complaint as though fully set forth herein.

55. Plaintiff is a member of a protected class under the ADA.

56. Plaintiff was subjected to disparate treatment.

57. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

58. Defendant's actions were willful and done with malice.

59. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT IV — ADA RETALIATION

60. Plaintiff realleges and readopts the allegations of paragraphs 1 through 43 of this Complaint, as though fully set forth herein.

61. Plaintiff is a member of a protected class under the ADA.

62. Plaintiff exercised or attempted to exercise his/her rights under the ADA, thereby engaging in protected activity under the ADA.

63. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating his/her employment.

64. Defendant has taken material adverse action against Plaintiff.

65. Defendant's actions were willful and done with malice.

66. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 13th day of August 2024.

        Respectfully submitted,

        */s/ Samuel Doxsee*
        **SAMUEL DOXSEE**
        Florida Bar Number: 127318
        **CHAD A. JUSTICE**
        Florida Bar Number: 121559
        **JUSTICE LITIGATION ASSOCIATES, PLLC**
        1205 N Franklin St
        Suite 326
        Tampa, Florida 33602
        Direct No. 813-566-0550
        Facsimile: 813-566-0770
        E-mail: sam@justicelitigation.law
        E-mail: chad@justicelitigation.law
        **Attorneys for Plaintiff**